|                                  |                        |
| -------------------------------- | ---------------------- |
| UNITED STATES DISTRICT COURT     |                        |
| DISTRICT OF PUERTO RICO          |                        |

MARÍA PIÑA-FIGUEROA,

    Plaintiff,

    v.

HOSPITAL METROPOLITANO DR. SUSONI, et al.,

    Defendants.

Civil No. 08-1373 (JAF)

**OPINION AND ORDER**

Plaintiff María Piña-Figueroa brings this action against Defendants Hospital Metropolitano Dr. Susoni ("Metropolitano"), Continental Casualty Company ("Continental"), AMCARE Medical Emergency, Inc. ("AMCARE"), Drs. Emilio Jiménez-Arocho ("Jiménez"), Samuel Rivera-Natal, María Torres, Zsolt Nagy-Cziberre ("Nagy"), Carlos Montalvo-Bonilla ("Montalvo"), Manuel Somohano, and Franqui, and unknown individuals, conjugal partnerships and insurance companies. Docket No. 8. Plaintiff accuses Metropolitano of violating the Emergency Medial Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, and charges all Defendants with tortious conduct under Puerto Rico law, 31 L.P.R.A. § 5141 (1990). Id. Defendants Metropolitano and Continental ("Movants") move for summary judgment, Docket No. 37; Plaintiff opposes, Docket No. 52.

**I.**

**Factual and Procedural Synopsis**

We derive the following facts from Movants' statement of uncontested facts, Plaintiff's reply thereto, and Plaintiff's

Civil No. 08-1373 (JAF)                                                        -2-

admissions at the pre-trial conference. See Docket Nos. 37, 52, 60. Plaintiff's late husband, Luis Martínez-Velázquez ("Decedent"), was admitted to Metropolitano at four o'clock in the morning of April 2, 2007, for vomiting blood.  Decedent had a medical history of diabetes mellitus, hepatitis C, and esophageal varices.

Forty minutes after Decedent's admission, Dr. Jiménez made a provisional diagnosis of upper gastrointestinal bleeding, ruling out melena. Dr. Jiménez placed several orders for treatment and laboratory tests. Three hours later, he reevaluated Decedent and recorded that Decedent's condition was stable, pending laboratory results, and took Decedent's vital signs. Later in the afternoon that day, Dr. Torres arranged to transfer Decedent to another institution, because no gastroenterologist was available at Metropolitano to treat Decedent fully. Plaintiff consented to the proposed transfer. Just before six o'clock that evening, Doctor's Center Hospital in Manatí accepted Decedent.

While awaiting Decedent's transfer to the hospital in Manatí, Metropolitano and its medical staff provided Decedent with continuous medical attention. Metropolitano's doctors and nurses observed Decedent at 2:25 p.m., 3:30 p.m., 5:45 p.m., and 8:30 p.m., on the day of admission, and at 5:10 a.m., 6:05 a.m., 6:30 a.m., 7:15 a.m., 8:00 a.m., and 9:00 a.m., the following morning. Metropolitano's staff treated Decedent at 3:00 p.m. and 8:30 p.m., on the day of admission, and at 12:30 a.m., 2:00 a.m., and 6:00 a.m., the following morning. Metropolitano admitted Decedent into its intensive care unit

("ICU") after 7:15 a.m. on the second day, upon Dr. Somohano's diagnosis of Decedent's hypovolemic shock, acute respiratory failure, and UGIB. Finally, Decedent suffered cardiorespiratory arrest at 9:06 a.m. on the second day, and was pronounced dead at 9:30 a.m.

The record and admissions clearly establish that Metropolitano never intended to "dump" the Decedent. Decedent was medically insured and there was no reason, other than the unavailability of a gastroenterologist, to transfer the patient to another institution. The record clearly establishes that Decedent's family consented to the transfer for the benefit of the patient. Decedent died before the transfer could be carried out.

Plaintiff commenced this action on March 28, 2008. Docket No. 1. On March 27, 2009, Movants moved for summary judgment per Federal Rule of Civil Procedure 56(c). Docket No. 37. On April 1, 2009, Defendant Jiménez moved for dismissal for failure to state a claim and want of supplemental jurisdiction, Docket No. 38, which Defendants Nagy, Torres, Somohano, AMCARE, and Montalvo subsequently joined, Docket Nos. 43, 46, 47, 49, 55. Plaintiff opposed both motions on April 15, 2009. Docket No. 52. We conducted a pre-trial conference on April 22, 2009. Docket No. 60.

**II.**

**Summary Judgment Under Rule 56(c)**

We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant

Civil No. 08-1373 (JAF)                                                     -4-

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is "genuine" if it could be resolved in favor of either party, and "material" if it potentially affects the outcome of the case. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

The movant carries the burden of establishing that there is no genuine issue as to any material fact; however, the burden "may be discharged by showing that there is an absence of evidence to support the non-movant's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 331 (1986). The burden has two components: (1) an initial burden of production, which shifts to the non-movant if satisfied by the movant; and (2) an ultimate burden of persuasion, which always remains on the movant. Id. at 331.

In evaluating a motion for summary judgment, we view the record in the light most favorable to the non-movant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). However, the non-movant "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

**III.**

**Analysis**

Movants argue that the above facts conclusively establish that Metropolitano is not liable under EMTALA, an "anti-dumping" statute. Docket No. 37. Under EMTALA, a hospital may be liable for discharging a patient from its emergency department without a medical screening.

Civil No. 08-1373 (JAF)                                                -5-

42 U.S.C. § 1395dd(a), (d)(2). Furthermore, a hospital may be sued for failing to "stabilize [a patient's] medical condition" or properly "transfer . . . the individual to another medical facility" after "the hospital determines that the individual has an emergency medical condition." § 1395dd(b)(1), (d)(2). "An appropriate transfer" is one "in which the transferring hospital provides the medical treatment within its capacity which minimizes the risks to the individual's health," and "the receiving facility . . . has available space and qualified personnel for the treatment." § 1395dd(c)(2). In view of the uncontested and admitted facts in this case, we find no genuine issue of material fact as to Metropolitano's liability under EMTALA. The facts clearly establish that Metropolitano did not violate any of the statutory provisions described herein and is thus entitled to judgment as a matter of law.

As we order summary judgment in favor of Metropolitano, no federal claims remain for adjudication, and we decline to exercise supplemental jurisdiction over Plaintiff's associated claims under Puerto Rico law. See 28 U.S.C. § 1367(c)(3); Rivera v. Murphy, 979 F.2d 259, 264 (1st Cir. 1992). Lastly, as we dispose of this case under Rule 56(c), we need not address the merits of Jiménez' motion to dismiss. See Docket No. 38.

**IV.**

**Conclusion**

Accordingly, we hereby **GRANT** Movants' motion for summary judgment, Docket No. 37. We hereby **DENY** as **MOOT** Jiménez' motion to

Civil No. 08-1373 (JAF)                                                          -6-

dismiss, Docket No. 38. We **DISMISS** Plaintiff's claims under Puerto Rico law **WITHOUT PREJUDICE;** she is at liberty to pursue these claims in an appropriate court of the Commonwealth of Puerto Rico.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 23rd day of April, 2009.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge